UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARYAN W. DUNTLEY,<br><br>　　　　Petitioner,<br><br>v.<br><br>ROBERT J, HERNANDEZ, *et al.*,<br><br>　　　　Respondents. | Civil No. 06-CV-2026-L(POR)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION [doc. #12]; OVERRULING OBJECTIONS [doc. #13];DENYING PETITION FOR WRIT OF HABEAS CORPUS [doc. #1]; and DIRECTING ENTRY OF JUDGMENT** |

On September 20, 2006, petitioner Aryan W. Duntley filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondents filed their response to the petition on November 21, 2006. The Honorable Louisa S. Porter issued a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b) recommending the petition be denied. Petitioner filed objections to the Report.

**STANDARD OF REVIEW**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-*

*Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 124 S.Ct. 238 (2003); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003)(applying *Reyna-Tapia*'s holding to a habeas corpus proceeding).

## DISCUSSION

Petitioner was convicted of voluntary manslaughter in the Superior Court for the State of California, County of San Diego, and sentenced to eleven years in the state prison system. (Respondents' P&As at 1). Duntley appealed the conviction but the California appellate court affirmed. Thereafter, petitioner sought to obtain post-sentence worktime credits at a rate of fifty percent instead of fifteen percent. Each time he sought the fifty percent worktime credit on his sentence either administratively or through the courts, petitioner was unsuccessful. Petitioner now seeks habeas corpus relief in the federal court on this claim only.

**1.      Due Process Claim**

Petitioner has consistently argued that his due process right is violated because the state courts have misconstrued the applicable statutes and have ignored the legislative history of those statutes. As a result, petitioner has submitted an objection to the Report contending the magistrate judge erred in applying section 2933.1 to people, like himself, who are not repeat offenders.

The relevant statutes are California Penal Code section 2933.1 and 667.5. Section 2933.1 concerns the accrual of worktime credits and provides in part:

> (a) Notwithstanding any other law, any person who is convicted of a felony offense *listed in Section 667.5(c)*, shall accrue no more than 15 percent of worktime credit, as defined in Section 2933.

CAL. PENAL CODE § 2933.1 (emphasis added).[1] There is nothing in section 2933.1 that specifies that it is applicable only to repeat offenders or only to first-time offenders.

---

[1] The Court notes that in 2002, section 2933.1 was amended: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in <u>subdivision (c) of</u> Section 667.5 shall accure no more than 15 percent of worktime credit, as defined in Section 2933." Stats. 2002, c. 787 (S.B. 1798). This amendment, noted by the underlined language, makes clear the legislative intent to refer to the listing of violent felonies found in section 667.5 for determining whether section 2933.1 was applicable. Petitioner was sentenced on April 11, 2003; therefore, the 2002 amendment to section 2933.1 is applicable.

Section 667.5 is directed to *enhancement* of prison terms for new offenses when there have been prior prison terms and one of the new offenses is a violent felony listed in subdivision (c). CAL. PENAL CODE § 667.5 (emphasis added).  Subsection c lists 23 offenses that are considered crimes of violence. *Id.* ("The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for these extraordinary crimes of violence against the person).  One of those listed offenses is voluntary manslaughter which is the crime for which petitioner was convicted. *Id.* at (c)(1).

Petitioner contends that neither section 2933.1 nor 667.5 is applicable to him but rather section 2933 is the proper statute under which he is entitled to 50 percent worktime credit. Petitioner asserts that by failing to apply his earned credit at the 50 percent level and instead providing him with only 15 percent earned worktime credit, his liberty and due process rights are being violated.

If petitioner were convicted of an "ordinary" crime rather than a violent crime, section 2933 would be applicable. But the Legislature also enacted section 2933.1 which is directed to "Violent felonies; worktime credit; application; maximum credit." CAL. PENAL CODE § 2933.1. In order to properly and explicitly distinguish between an ordinary crime and a violent felony, Section 2933.1 points to the *listing* of felonies found in section 667.5(c) but to no other portion of section 667.5.  Without a listing of felonies or a reference to a list of felonies that qualify as "violent felonies", section 2933.1 would likely be considered constitutionally vague. Section 2933.1 merely points to a subsection of another statute that already lists what the Legislature determined were violent crimes.  Although § 2933.1 could have set forth the violent crimes found in §667.5, it was not required to list them again when another section provides the legislatively determined crimes fitting the description of "violent felonies" and the list is specifically incorporated by reference.

Petitioner appears to argue that reference to any part of § 667.5 merges the entirety of that section with the referring section, 2933.1. It does not.  Section 667.5 is focused on sentencing enhancement for offenders with prior prison terms.  Section 2933.1 concerns worktime credits for those who have been convicted of and sentenced for violent felonies.  Although there is an

interplay between sections 2933.1 and 667.5 in the legislative listing of violent felonies, there is no overlap with respect to the substance or intent of the statutes.

Section 667.5's enhancement of sentence is distinct from the concerns of § 2933.1 where the sentence remains the same – in this case 11 years – but earned credits are reduced to 15 percent of the worktime credit because petitioner committed a violent crimes as set forth in a subsection of section 667.5.  Neither statute subsumes the other.  The statutes remain independent in their purpose: an enhancement of sentence versus a reduction in earned credits.  The commonality in the sections is merely the use of the listed "violent crimes" in § 667.5(c) to describe what a violent felony is in section 2933.1.

Section 2933.1 clearly provides that a person who is convicted of a felony offense as that term is defined in section 667.5(c), *i.e.*, a violent felony,  accrues no more than 15 percent of worktime credit.  The absence of language that limits the applicability of section 2933.1 to either first-time or repeat offenders means that it is applicable to a first-time offender as well as to a repeat offender.

Petitioner argues that the reduction in earned credit to 15 percent "effectively increases Petitioner's period of incarceration" and as a result violates his due process rights.  (Petition at ¶ 6).  But as section 2933(b) makes clear: "Worktime credit is a privilege, not a right."  Whether petitioner is entitled to no credit, 15 percent credit, or 50 percent credit, such a reduction does not change petitioner's sentence.  While petitioner may remain incarcerated longer under the 15 percent earned credit, it is because the crime for which he was convicted was a violent crime as determined by the Legislature and not because his sentence was improperly enhanced in violation of the due process clause of the Constitution.

Having reviewed the law related to prisoners' worktime credits and the California Court of Appeals application of California Penal Code section 2933.1 in determining petitioner's claim, the Court must find that the state court of appeals decision denying petitioner's claim for 50 percent worktime credits was not "contrary to, or involved an unreasonable application of clearly established Federal law," or "was based on an unreasonable determination of the facts" of petitioner's claim.  28 U.S.C. § 2254.  Thus, petitioner's objection to the Report is overruled.

**2.  Equal Protection Claim**

Finally, petitioner contends that the magistrate judge erred with respect to petitioner's equal protection claim.  An equal protection claim may be established in two ways.  First, a plaintiff may establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class, such as race.  *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 686 (9th Cir.2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir.2005). Second, if the action in question does not involve a protected class, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004).  If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an impermissible motive. *Squaw Valley*, 375 F.3d at 944.

State prisoners are not a protected class under the Equal Protection Clause. *Abney v. Alameida,* 334 F. Supp.2d 1221, 1230 (S.D. Cal. 2004) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999).   Thus, petitioner cannot allege a denial of equal protection based on his membership in a protected suspect class.  That means that rational-basis review is applicable to his claim.  *McQueary v. Blodgett*, 924 F.2d 829, 834 n.6 (9th Cir. 1991).  "Under the prevailing rational-basis test, [petitioner] bears the burden of establishing a prima facie case of uneven application" of the regulation.  *Id*. at 835.

Petitioner argues that the magistrate judge improperly discredited petitioner's evidence that petitioner is not being given the same 50 percent earned worktime credit as similarly situated inmate Alvarado.   Having reviewed Daniel Joseph Alvarado's Status Summary that petitioner presented, the Court finds it cannot determine how Alvarado's worktime credits are computed and is not convinced that Alvarado is receiving fifty percent worktime credit at this time.   As the magistrate judge noted, it appears Alvarado retained certain credits that he had accrued previously which may account for his credited time.  The Status Summary does not state

the level of worktime credits Alvarado is receiving and there is no declaration from Alvarado or prison personnel to confirm or disprove petitioner's submission. Petitioner would like the Court to make an inference based on Alvarado's release date that his worktime credits are what petitioner says they are. The Court cannot do so. Petitioner's evidence does not demonstrate that other prisoners are similarly situated to him, *i.e.*, those who fall within the purview of section 2933.1, and that they were systematically treated better than he. Thus, the state court of appeal's rejection of his equal protection claim was not contrary to clearly established federal law.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** adopting the Report and Recommendation in its entirety [doc. #12]. **IT IS FURTHER ORDERED** denying the petition for writ of habeas corpus [doc. #1]. **IT IS FURTHER ORDERED** overruling petitioner's objections to the Report [doc. #13]. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 3, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL